RISING SUN STREET LIGHTING COMPANY *vs.* CITY OF BOSTON.

Suffolk. March 12, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Tax*, Personal property leased for profit. *Corporation*, Foreign.

Lanterns belonging to a Maine corporation, used by it under a contract for lighting the streets of Boston with gas and naphtha and for cleaning, repairing and maintaining the street lanterns, are used in the business of the company and under its control and are not taxable as personal property " leased for profit," under St. 1889, c. 446, now incorporated in R. L. c. 12, § 23, cl. 2.

APPEAL, filed April 1, 1901, to the Superior Court under St. 1890, c. 127, by a Maine corporation from a decision of the assessors of the city of Boston refusing to abate a tax paid under protest by the appellant on certain lanterns belonging to it and used in lighting the streets of that city.

In the Superior Court the case was heard by *Fessenden*, J., who found for the appellant in the sum of $632.30 and ordered judgment to be entered against the city of Boston for that amount and costs. At the request of the parties the judge reported the case for the determination of this court. If on the evidence and law the judge was authorized to find for the appellant, the finding and judgment were to stand; otherwise, judgment was to be entered for the city.

St. 1889, c. 446, now incorporated in R. L. c. 12, § 23, cl. 2, is as follows: "All personal property within the Commonwealth leased for profit shall be assessed for taxation in the city or town where such property is situated on the first day of May to the owner or the person having possession of the same."

*W. O. Childs*, for the appellant.

*A. L. Spring*, for the appellee.

KNOWLTON, J. The appellant made contracts in writing with the city of Boston to light and extinguish and keep clean and in good condition and repair, all naphtha street lamps used by said city for lighting its streets and places, and to renew mantles as often as necessary to maintain a proper light therefrom, and also to have charge of the gas lanterns used for lighting the streets, and to place Welsbach boulevard lanterns on posts designated, and to furnish gas for all gas lanterns, and keep them burning the prescribed number of hours, to keep all the lanterns clean and in good repair and condition, and to do certain other things in the performance of these contracts for lighting the streets.

The only question argued by the city is whether the naphtha lamps and fire alarm lanterns owned by the appellant and used by it in the performance of these contracts, are "personal property . . . leased for profit" within the meaning of these words in the St. 1889, c. 446. R. L. c. 12, § 23, cl. 2.

We are of opinion that they are not. They were not leased to the city of Boston in any proper sense. They were used in the appellant's business, and were owned and controlled by it in

the performance of its contracts, and these contracts required that the articles should be kept in use for the benefit of the city, but the city did not hold them as a lessee. The contracts under which the appellant used them were, in their principal parts, contracts to render service, and the furnishing of gas and the furnishing and using of these lamps and other articles were only parts of an important general undertaking whose object was to secure for the inhabitants of the city of Boston well lighted streets. Without dealing further with the details of the contracts, we are of opinion that the ruling of the judge of the Superior Court was correct.

*Judgment for the appellant.*